

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Case Number: _____

Barbara Bennett,

              Plaintiff,          **PLAINTIFF DEMANDS FOR A JURY TRIAL**

vs.

Cavalry Portfolio Services    Defendant.

## EMPLOYMENT DISCRIMINATION AND RETALIATION COMPLAINT

I.                     PARTIES

1.     a. Plaintiff:
        Barbara Bennett
        1430 YORK AVENUE #105
        SAINT PAUL, MN 55106
        (651)-242-8860

2.     b. Defendant
       Cavalry Portfolio Services
        408 Peter Street Suite 210
        Saint Paul, MN
        (651)-287-2980

**II. JURISDICTION**

SCANNED
AUG 3 0 2013
U.S. DISTRICT COURT ST. PAUL

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin. **NOTE**: *In order to bring suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission (EEOC).*

### III.   NATURE OF THE COMPLAINT

Barbara Bennett the Plaintiff referred to herein as "Plaintiff" complains that her former employer Calvary Portfolio Services referred to herein as "Defendant" retaliated and discriminated against her during her employment. The retaliation began to arise after the Plaintiff complained on her former manager Janie Machacek to the Human Resources department for violated her rights to privacy. The Plaintiff also advised Stokes that Machacek appeared to be a racist based on her behavior towards the Plaintiff. After consulating with the Human Resources manager Angela Stokes on Feburary 6, 2013 the Plaintiff's employment at the company had been insolvent and shattered through constant discrimination and retaliation by her manager Janie Machercek. The Defendant's representative Janie Macheacek began to treat the Plaintiff differently from other caucasion and non-black employees.

1. Macheacek allowed longer break times for caucasion employees not reprimanding them or penalizing them for their tartiness, but when the Plaintiff arrived two minutes late for break she was reprimanded. For example, On 02/06/2012 Plaintiff arrived two minutes late from break in which management immediately placed a slip on the Plaintiff's desk reprimanding her for being late. On 02/17/2012 Rodney B. a caucasion male left for

break at 2:00pm and did not return from break until 2:19pm. Management was present, however Rodney did not receive a note and was not reprimanded for his tartieness. On 03/01/2012 Rani Archambault/ caucasion female, Lisa Willet/ caucasion female, Rodney B. caucasion male and Mike Youle/ caucasion male all left for break at 5:00pm and did not return until 5:20pm. Management was present in which these individuals were not given any written notes or anything reprimanding them for their tartiness. This was Discrimination which is a violation of the law.

2. Calvary Portfolios collection process is controlled by them, if a representative gets a customer on the line who wants to make a payment the representative has to do a talk-off and past the call to one of their lead collectors. They take over the call and proceed with collection activity once you have built rapport with the customer and established the fact that the customer is willing to make a payment to settle the account. On February 9, 2012 I had a customer on the line who kept saying that they did not have any money, yes I understand that you can't squeeze blood out of a turnip, so what are they willing to offer to settle this account? That's when Alfonso Seville spoke to me and stated to not let the customer offer the settlement it gives them control of the call so I never did that again. But that is exactly what Alfonso Seville did on 2/21/12 Plaintiff got a customer on the line they wanted to know what we are willing to settle for; Plaintiff did disposable income requested credit report then gave the call to Alfonso Seville for talk off. Alfonso Seville told the customer to see how much she can get and give us a call back. This was exactly what he told the Plaintiff not to do because it gives the customer control of the call. Alfonso Seville clearly retaliated by sabotaging the call by not giving the customer a

settlement amount and making a payment arrangement which stopped me from being able to collect on the account. These are the same senarios that Seville have allowed caucasion employees to do in which he offered their customers settlements, and built their collection efforts. This is retaliation and discrimination which is against the law.

3. February 17, 2012 Janie Machacek had her assistant Alfonso Seville to listen to a call that she monitored personally stating that I did not verify customers information, on the second call because it got disconnected. I received an audit on the same call on 2/20/12 which I reccived a score of 82% which does not warrant a write-up. Janie Machacek was clearly retaliating because if the call was a bad call the auditors would also have made me aware and they did not. This was retaliation because I was written up for a calls in which she monitored and classified as bad, but the auidtors gave me a passing grade.

4. February 27, 2012 I First worked account on 02/8/12 Kendal Burleson(customer) was willing to settle his account I did disposable income got his credit report and then turned call over to Tony Radabaugh/carcasion lead for the talk off he only did tape disclosure and proceeded to collect on my behalf 2,000 in two payments. First payment was for 250.00 for the 15th and the last payment was for 1750.00 dated for the 29th . The first payment went through customer requested a call back for next payment for settlement offer of 1750.00 to make sure funds are available. Janie Machecek(manager) always made it clear to make sure credit card payments were secure by following up with the customer to make sure the payment clears that has already been set up. If the funds are not going to be available do not cancel the payment just reschedule it. Janie clearly stated that by not following up affects our dollars collected at the end of the month.

Also for every NSF that comes back we have to cover those funds and also since we work from 8:00 a.m to 5:00 p.m Wednesday to Friday can be changed if this continues. So I was making sure the payment I had set up for 1750.00 was going to clear by contacting Kendal Burleson on 2/28/12 .

1. He stated that he had a check that he will be depositing in his checking account for 50k and we will need to reschedule his payment of 1750.00 until 3/2 to give the check a chance to clear. I advised Janie Machacek(manager) that on my follow-up that Kendal Burleson states that his payment will not clear and he needs to reschedule. Janie Machacek/manager did talk-off she then asked Kendal Burleson if he could take the check for 50k to a check cashing place he stated no customer got upset. Janie Machacek(manager) gave the phone back to the Plaintiff and advised the Plaintiff to tell him that we have to put the payment through and if does not clear I will call him back to reschedule. Janie Machacek/manager ran that payment the next day she let the Plaintiff know when the Plaintiff came in that morning that the payment did not clear and Plaintiff could now go ahead and reschedule his payment for 3/10/12. The customer is telling us that the payment is not going to clear so why would you put the payment through anyway knowing its not going to clear. Janie Machacek(manager) clearly retaliated by sabotaging my rapport with my customers which effected my collection efforts.

5. 03/10 I finally got Kendal Burleson back on the phone to get the payment of 1750.00. But what she neglected to tell me is that once a payment goes through as an NSF the checking information is removed and that I will need to retrieve that information all over again. I finally got Kendal Burleson back on the phone to get the payment of 1750.00. He was skeptical to make the payment so I had Daniel foster/lead to do the talk off he finally agreed gave the ok to put the payment through. Once I let him know that we needed his checking information all over again he stated he did not have it with him at the office and I will need to call him back. I made numerous

attempts he never picked up again. Janie Machacek/manager clearly put that payment through so that the customers checking information would no longer be on file. Knowing that the Plaintiff reached the customer to make the payment and let him know we no longer have his checking information no longer on file he will refuse, because we put a payment through his checking account after he told us the funds will not be available and reschedule his payment. As she has stated many times she has been in this business for 26 years so why would she discourage a customer from making a payment. Then why not reschedule the payment he clearly is letting us know the payment is not going to clear. (Retaliation is a violation of the law)

6. February 29, I approached Janie Machecek/manager to request to have March 3, off because my best friend mother died and needed to be there for her funeral. She stated that it would be okay but it is mandatory that we work atleast one Saturday a month, so I agreed to work the following Saturday on March 10, she said that would be fine. March 8, she pulled me into the office and stated that I will be receiving 6pts for not working my schedule Saturday which she approved but said nothing when I requested it. She also stated that I was late January 18, and January 25, but then she let it slip that the grace period was 10 minutes. I know for a fact that I have never been over 10 minutes late so how did I start with 10 points then she added 6 points which put me on corrective action for attendance for having 16 points. She received the information that I had accumulated 10 pts on 3/1 so why didn't I receive that information. They showed me no proof that I was ever over 10 minutes late. Cavalry's policy clearly states an absence due to an approved day for bereavement is considered excused so why is she pulling me in the office to tell meI lost 6 points and she approved it. (Retaliation is a violation of the law)

   Cavalry's attendance policy for time off that is considered excused absences:
- Employee absence due to a Vacation Day which is pre-approved by his /her manager.
- Employee absence due to an approved leave o absence.
- Employee absence due to an approved day for bereavement leave.

- Employee absence due to a company observed holiday.
- Employee absence due to jury duty.

7. March 15, 2012 Janie Machacek(manager) constantly pulled me in the office for calls that she had personally monitored herself, she found a call that the Plaintiff made on 02/1/2013. Where the Plaintiff forgot to hang up the phone when the customers answering machine came on. Janie Machecek(manager) also had me listen to another call where the Plaintiff was giving the customer information regarding credit reporting. The Plaintiff received a 96.3%^ on 02/3/12 call made on 02/2/12, Janie Machacek(manager) stated she didn't know if they were going to get the Plaintiff for that one when the auditors had already reviewed that call. This shows how the Defendant's representative continuously attempted to write the Plaintiff up for any thing. Those are high scores graded by the auditors, but the Plaintiff continued to receive write up for calls. No caucasion employes had to go through this process. This is retaliation which is a violation of the law.

8. March 8, 2012 Janie Machacek /manager called Plaintiff into the office to speak to me in regards to a blouse that I had worn in training and twice in her department. That Rodney B/coworker had complained, I was not aware that Lisa Willet/co-worker was even involved. She jokingly said " I'm pretty sure you know who complained, " I said yes because Rodney sits right across from me. But on 01/16 when I trained with Rani Archambault a caucasion female was wearing a shirt that showed all her cleavage and her stomach was hanging out of her clothes. I had to tell her to pull her shirt down which happens all the time. This was not a problem for this caucasion woman to wear revealing clothes, but the Plaintiff was reprimanded immediately. This is Discrimination which is a violation of the law.

9. March 11, 2012 Plaintiff e-mailed Christian Parker General Counsel for Human Resources in regarding discrimination, retaliation and harassement which was cc, to EEOC as well. On 03/12/12 Plaintiff received a response from Christian Parker Human Resources he stated that my concerns was being investigated and that was the only e-mail Christian Parker sent to me. The next time they spoke with the Plaintiff in regards to this matter was when the Plaintiff was being terminated. (Employee cannot be retaliated against for participation of an investigation or a member of a protected class)

IV.               LEGALITIES

The Plainitiff has additional evidence and witnesses to prove that the defendant's actions was discriminlatory and retaliaton which is against the law. *Price Waterhouse v. Hopkins, 490 U. S. 228, and the subsequent Civil Rights Act of 1991 (1991 Act).* "(quotting in *UNIVERSITY OF TEX. SOUTHWESTERN MEDICAL CENTER v. NASSAR 570 U. S. ____ (2013)* "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice, even though other factors also motivated the practice," §2000e–2(m). "Congress' enactment of a broadly phrased antidiscrimination statute may signal a concomitantintent to ban retaliation against individuals who oppose that discrimination," *CBOCS West, Inc. v. Humphries, 553 U. S. 442, 452–453; Gómez-Pérez v. Potter, 553 U. S. 474. .* "(quotting in *UNIVERSITY OF TEX. SOUTHWESTERN MEDICAL CENTER v. NASSAR 570 U. S. ____ (2013). Title VII of the Civil Rights Act of 1964, 42 U.S. C. . §2000e* et seq designs remedies for employees for greivances related to prejudiced behavior and concomitant wrongsby companies *UNIVERSITY OF TEX. SOUTHWESTERN MEDICAL CENTER v. NASSAR 570 U. S. ____ (2013).*

"Title VII is central to the federal policy of prohibiting wrongful discrimination in the Nation's workplaces and in all sectors of economic endeavor."(*quotting in UNIVERSITY OF TEX. SOUTHWESTERN MEDICAL CENTER v. NASSAR 570 U. S. ____ (2013)*. However, the preponderance of the evidence has proven the three essential elements to grant a Monetary judgment on behalf of plaintiff and they are: **(1)** the plaintiff engaged in "Protective Activity" such as filing a complaint of discrimination, participating in an Investigation or opposing discrimination practice; **(2)** the employer took adverse employment Action against plaintiff; and **(3)** a causal connection existed between the protective activity and the adverse action.

First, I engaged in an activity that is protected by law by filing a complaint with EEOC which I notified the company on March 11, 2012.

Second, I was terminated on March 28, 2012 which is a "negative employment action" for allegations that I was violating company policy which were discriminatory and that I reported. According to company policy I should have gotten a written warning, final warning, suspension and then termination of employment. To go against their own company policy, they created other allegations which were false to cover up the fact that I was being terminated for fling with EEOC. The witnesses that were involved in the investigation was not questioned in the case, why is that?

Third, "Casual connection" I notified the company on March 11, 2012 that I was filing a discrimination complaint with EEOC, and I was terminated March 28, 2012. Followed by that notification to the company that I was filing my case I was constantly being pulled in the office by the manager Janie Machacek the one I complained about accusing me of violating company policies. She was also there to let me know why they were terminating me regarding a call she had monitored. The allegation made by Lisa Willet in the elevator was completely false (which is why I submitted witnesses who can confirm this was false). In addition to this, I was never spoken to in regards to shoving Lisa Willet. Both of these Allegations brought forth against me were false.

On March 16, 2013 I put a customer on hold. On hold meaning the customer was unable to hear myself or anything in my background at that time. My manager Janie Machecek was monitoring my call. I was talking to myself while I had the customer on hold attempting to gather the information that the customer needed and said one inappropriate word. During training the trainer Ronnie told us a story about a situation where the representative was talking to herself about the customer using profanity and forgot to put the customer on hold and they heard everything. We asked was she terminated he said no just reprimanded.

b. **REQUEST FOR RELIEF:**
State briefly and exactly what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

Date: 8/30/13

*[signature]*

Signature of Plaintiff

Mailing Address:

1430 York Avenue apt#105

Saint Paul, MN, 55106

Telephone Number:

(651) 242-8860

Therefore, plaintiff is seeking monetary remedy for lost wages, and financial hardship and psychological distress endured from these unlawful acts by Cavalry Portfolio Services and it's representatives.