UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara Bennett,                                 Civil No. 13-cv-02386 (PJS/JJK)

       Plaintiff,

v.

Cavalry Portfolio Services,               **REPORT AND RECOMMENDATION**

       Defendant.

___

Barbara Bennett, pro se Plaintiff,

Margaret R. Ryan, Esq., Meagher & Geer, P.L.L.P., for the defendant, Cavalry Portfolio Services.

___

## Introduction

This matter is currently before this Court on Defendant Cavalry Portfolio's Motion to Confirm Arbitration Award. (Doc. No. 40.) For the reasons stated below, the Court recommends granting Defendant's motion.

## Background

Plaintiff Barbara Bennett is a former employee of Defendant Cavalry Portfolio Services. (Doc. No. 5 at 2.) On January 9, 2012, Plaintiff and Defendant entered into a Binding Arbitration Agreement and Waiver of Jury Trial. (Doc. No. 14, Ex. A.) The arbitration agreement required the parties to resolve any claims arising from Plaintiff's employment by binding arbitration pursuant to the American Arbitration Association's Employment Arbitration Rules. (*Id.*) On

1

March 28, 2012, Defendant terminated Plaintiff's employment.  (Doc. No. 5 at 10.)

On September 16, 2013, Plaintiff filed an Amended Complaint alleging racial discrimination and retaliation.  (Doc. No. 5.)  A Motion to Compel Arbitration and Dismiss or Stay Defendant was filed by Defendant on October 30, 2013.  (Doc. No. 11.)  This Court granted Defendant's Motion to Compel Arbitration on December 17, 2013, staying the matter pending the outcome of the arbitration.  (Doc. No. 38 at 8.)   On September 5, 2014, an arbitrator granted Defendant's motion for summary judgment and dismissed all of Plaintiff's claims against Defendant with prejudice.  (Doc. No. 40 at 1.)

This Court issued an Order to Show Cause on October 9, 2014, requiring Plaintiff to show cause why this case should not be dismissed.  (Doc. No. 39.)  On October 23, 2014, Defendant filed a Motion to Confirm the Arbitration Award.  (Doc. No. 40.)  Plaintiff has filed a response to Defendant's motion in which she presents argument as to why the arbitrator should not have granted summary judgment. (Doc. Nos. 41, 42.)

## Discussion

I. **Standard of Review**

The Federal Arbitration Act (FAA), 9 U.S.C. § 9, states that a court "must" confirm an arbitration award unless it is vacated, modified, or corrected as prescribed under § 10 or § 11.  Under § 10, the court may vacate an award if it was procured by corruption, fraud, or undue means; if there was evident

partiality, corruption or misconduct on the part of the arbitrator; or if the arbitrator exceeded his or her powers. 9 U.S.C. § 10.  Under § 11, the court may modify an arbitrator's award if there was an evident material miscalculation or mistake in description, or if the award "is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C.A. § 11.

The grounds listed in §§ 10 and 11 constitute the FAA's exclusive grounds for modification of an arbitration award.  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008).  Courts have no authority to reconsider the merits of an arbitration award, even when the parties allege that the award rests on factual errors.  *Medicine Shoppe Int'l, Inc. v.Turner Inv., Inc.,* 614 F.3d 485, 488 (8th Cir. 2010).  The district court affords the arbitrator's decisions "an extraordinary level of deference" and should confirm the award "so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority."  *Crawford Grp., Inc. v. Holekamp*, 543 F.3d 971, 976 (8th Cir. 2008) (internal citations omitted).  Because this Court has no authority to reconsider the merits of the arbitration award, the scope of this Court's review is limited to whether any of the enumerated grounds under § 10 or § 11 of the FAA exist in this matter.

**II.   Analysis**

Plaintiff contends the arbitrator should not have granted summary judgment based on the evidence presented at the arbitration proceeding. (Doc. No. 42 at 8.)  Plaintiff argues that, due to the factual issues in dispute, she should

be allowed "an opportunity to adjudicate her claims." (Doc. No. 41 at 9.) In essence, Plaintiff has asked this Court to reconsider the merits of the arbitrator's decision granting summary judgment. (Doc. Nos. 41, 42.)

This Court has no authority to reconsider the merits of the arbitration award. See Medicine Shoppe Int'l, 614 F.3d at 488. Plaintiff has not identified any grounds for modification enumerated in 9 U.S.C. §§ 10, 11. Plaintiff has alleged no corruption, fraud, misconduct, mistake in calculation, or any other permissible reason that the arbitrator's award should be vacated, modified, or corrected. Accordingly, this Court must confirm the arbitrator's award pursuant to 9 U.S.C. § 9.

## RECOMMENDATION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Cavalry Portfolio Services' Motion to Confirm the Arbitration Award (Doc. No. 40) be **GRANTED**; and

2. The Arbitration Award be **CONFIRMED.**

3. If this Report and Recommendation is adopted, that this case be **DISMISSED WITH PREJUDICE,** and judgment be entered accordingly.

Date:  December 10, 2014          s/ Jeffrey J. Keyes
                                  JEFFREY J. KEYES
                                  United States Magistrate Judge

Under D. Minn. Loc. R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 24 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  A judge shall make a de novo review of those portions to which objection is made.  This Report and Recommendation does not constitute on order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.